### Ben Larue v. The State.

No. 1,03.   Decided April 17, 1912.

**Aggravated Assault—Evidence—Other Transactions.**

Where, upon trial of aggravated assault, the evidence showed that the injured party interefered in the difficulty between defendant and his brother on on side and a third party on the other, and was cut by defendant, it was reversible error to admit in evidence the details of the prior trouble between said other parties with which the said injured party had nothing to do; and the error was not cured because of defendant's cross-examination of State's witnesses with reference thereto.

Appeal from the District Court of Houston.   Tried below before the Hon. B. H. Gardner.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and six months confinement in the county jail.

The opinion states the case.

*Adams & Young,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $500 and six months imprisonment in the county jail.

The facts, in brief, show that appellant and his brother Tom had a grievance against Hooks Wills on account of certain insulting language used with reference to them on account of which they purposed giving Wills a thrashing. The language imputed to Hooks Wills with reference to appellant and his brother was that he was a damn son-of-a-bitch, or a damn lying son-of-a-bitch. It may be taken as a fact, so far as this appeal is concerned, that they went to a certain assemblage where they expected to find Hooks Wills for the purpose of engaging in a personal difficulty with him. After reaching the point, Wills and they went some distance away from the house and a difficulty ensued, in which they gave Hooks Wills a beating. During that difficulty, Tom Hart, who is alleged to be the injured party in this case, interfered in some way; at least, a conversation occurred in which Tom Larue asked if he was taking part in the difficulty with Hooks Wills. This was denied by Tom Hart. Appellant and Hart were having a conversation just a little strenuous when Tom Larue came up, and about the time appellant and Hart separated Tom Larue cut Hart with a knife. The evidence goes to show that appellant did not know that his brother had cut Hart until after the difficulty was over and the parties had separated. This is, we think, a sufficient statement of the case to dispose of the main question for decision.

Over the objection of appellant all of the troubles between Hooks Wills and appellant and his brother Tom were permitted to go before the jury in all of its details, showing an agreement between the two brothers to give Hooks Wills a beating on account of the language he used about them. Hart was in no way mixed up with the Hooks Wills matter, except that he got into the trouble during the fight between Wills and appellant and Tom Larue. The statement of facts in regard to these matters is made a part of the bills of exception, and we judge from a qualification to one of the bills that the judge was actuated to some extent in his rulings in admitting these matters in regard to Hooks Wills and appellant and his brother because the defendant himself asked some questions in regard to those matters. It is true after the State had developed these matters, defendant did ask questions about it, but they were objecting to the introduction of all those matters in the first instance, and their examination into it was to meet as best they could the testimony already introduced by the State. We are of opinion that the court was in error in admitting those matters, and they should not have gone to the jury. Appellant not only excepted at the time but moved the court to exclude all of this testimony; not only so but asked a charge in regard to it. The court refused to give the charge as requested, and also refused to exclude the testimony. This evidence had no place in the record. These matters occurring between Hooks Wills and appellant and his brother Tom had no relation to the trouble between Hart and appellant. Its only effect was to injuriously affect the defendant's case before the

jury. This does not refer to what occurred at the time of the cutting or transaction in which Hart was stabbed.

For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*